[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12239
Non-Argument Calendar

_____

D.C. Docket No. 0:19-cv-61190-BB

FERN KOTTLER,

Plaintiff-Appellee,

versus

GULF COAST COLLECTION BUREAU, INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 12, 2021)

Before WILLIAM PRYOR, Chief Judge, NEWSOM and ANDERSON, Circuit
Judges.

PER CURIAM:

Gulf Coast Collection Bureau, Inc., appeals the summary judgment in favor of Fern Kottler's complaint that it violated the Fair Debt Collection Practices Act by mailing her a validation notice for a debt arising from an injury that was the subject of a pending worker's compensation claim. 15 U.S.C. § 1692e(2)(A). Gulf Coast argues that Kottler suffered no concrete injury to give her standing to sue. Gulf Coast also argues that it was not liable for sending Kottler a letter that sought to verify, not to collect, a debt and that its violation of the Act was attributable to a bona fide error that absolved it from liability. We affirm.

We review *de novo* both standing and a summary judgment. *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1169 (11th Cir. 2006). Summary judgment is appropriate when there exists no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Kottler suffered a concrete injury that gave her standing to sue Gulf Coast for violating the Act. "[S]tanding consists of three elements: the plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it." *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020). An injury in fact consists of four elements: the injury must invade a legally protected interest and be concrete, particularized, and imminent. *Id.* Kottler alleged in her complaint that she received

2

a letter and telephone calls from Gulf Coast that falsely suggested she was liable for medical bills owed by her employer for a work-related accident. *See* Fla. Stat. § 440.13(2), (14). Later, Kottler testified that she was "clustered and jumbled" why she was receiving collection calls, the messages "scared" her into calling back, and she feared that the company would "ruin her credit." Kottler's evidence satisfied each element for an injury in fact. Kottler was entitled to avoid communication concerning collection of a debt she did not owe, *see* 15 U.S.C. § 1562e, she expended time addressing unwarranted collection calls, *see Trichell*, 964 F.3d at 997, and those calls upset her, *see id.*

Undisputed evidence established that Gulf Coast sent Kottle a dunning letter. The letter outlined the methods to pay an outstanding debt and stated that Kottler's "account . . . had been listed for collection," that "[t]his is an attempt to collect a debt and any information provided will be used for that purpose," and that "[u]nless [she] notif[ied] [Gulf Coast] within 30 days after receiving this notice that [she] dispute[d] the validity of this debt, . . . [the company] will assume this debt is valid." The letter conveyed that Kottler was responsible for and overdue in paying outstanding medical bills.

The district court did not err in determining that Gulf Coast violated the Act. The Act prohibits a debt collector from making a "false representation of the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A), which

3

subjects it "to liability even when violations are not knowing or intentional," *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270–71 (11th Cir. 2011). A representation is false if an unsophisticated or naive consumer would be deceived by the statement of the debt collector. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172–73 (11th Cir. 1985). Gulf Coast demanded that Kottler pay her medical bills, but in Florida an "employee is not liable for payment for medical treatment or services provided," Fla. Stat. § 440.13(13)(g), and "[a] health care provider may not collect or receive a fee from an injured employee," *id.* § 440.13(13)(a). Instead, "[s]uch providers have recourse against the employer or carrier for payment for [medical] services rendered . . . ." *Id.* Any consumer in Florida unfamiliar with its worker's compensation laws who received the letter Kottler received would be misled to think that she was obligated to remit payment for medical bills that were owed by her employer. Gulf Coast falsely represented the legal status of the debt for Kottler's medical bills.

The district court also did not err in determining that Gulf Coast could not avoid liability for violating the Act based on a bona fide error defense. That defense excepts a debt collector from liability if it proves that its violation of the Act was not intentional, was a bona fide error, and "occurred despite the maintenance of procedures reasonably adapted to avoid any such error." *Owen*, 629 F.3d at 1271. The parties disagree only about whether Gulf Coast satisfied the

4

third requirement. To comply with that requirement, Gulf Coast had to "actually employ[] or implement[] . . . procedures to avoid errors," and then ensure those procedures were "reasonably adapted to avoid the specific error at issue." *Id.* at 1274 (internal quotation marks omitted). Gulf Coast implemented procedures that were not reasonably tailored to identify a debt covered by the worker's compensation law. Gulf Coast relied on its clients to provide data that identified possible worker's compensation coverage, such as a listing of a common worker's compensation carrier, before investigating the status of the debt. Gulf Coast used no additional screening procedures to detect if a debt was subject to worker's compensation before mailing a dunning letter. Because Gulf Coast relegated "its oversight task to its creditor[s]" and lacked "internal controls . . . to reduce the incidence of improper debt collection," it was not entitled to avoid liability for a bona fide error. *See id.* at 1276.

We **AFFIRM** the summary judgment in favor of Kottler.